HON. WILLIAM H. POWER, JR. District Attorney of St. Lawrence County
This is in response to your letter requesting an opinion of the Attorney General as to whether or not a police agency in your county is required or permitted to retain for its own use a radio seized by said agency in connection with an arrest and subsequent conviction for a violation of section 397 of the Vehicle and Traffic Law. Your letter asks, in addition to retaining such radio, the following possible alternatives, viz.: the destruction, the rendering incapable of receiving police frequencies, the returning to the owner or sale at an auction of said radio.
Section 397 of the Vehicle and Traffic Law provides that a person not a peace officer who equips a motor vehicle with a radio receiving set capable of receiving signals on frequencies allocated for police use or knowingly uses a motor vehicle so equipped or who in any way knowingly interferes with the transmission of radio messages by the police without having first secured a permit so to do from the person authorized to issue such a permit by the local governing body of the municipality in which such person resides, is guilty of a misdemeanor.
You state in your letter that the person who was arrested for violating this provision of the Vehicle and Traffic Law has been advised by said police agency that said radio is contraband and cannot be returned to him. You point out that existing statutes make certain things that are seized in connection with arrests for certain specified offenses contraband. For example, you make reference to "drugs, firearms, etc." You go on to state that there does not seem to be any coverage of situations such as the one described in your letter.
Nothing in the Vehicle and Traffic Law makes a radio which is the basis for an arrest under section 397 of such law contraband. Nor does there appear to exist any provision in the law of this State which would make such property subject to forfeiture.
As you point out, and as mentioned above, statutory authority making certain property seized in connection with arrests (and subsequent convictions) is subject to forfeiture. See Penal Law, sections 400.05 (Firearms), 405.05 (Fireworks), 410.00 (Equipment [including vehicles] used in promoting pornography), 415.00 (Vehicles, vessels and aircraft used to transport or conceal gambling records) and 450.10 (Disposal of stolen property). See also Tax Law, section 477-a (Vehicles used to transport unlawfully stamped packages of cigarettes) and Public Health Law, sections 3353, 3392 (Vehicles, vessels or aircraft used to conceal, convey or transport narcotics; Drugs).
Absent statutory authority, it is our opinion that a radio seized by the police in connection with an arrest and conviction for a violation of section 397 of the Vehicle and Traffic Law is not contraband and may not be retained, destroyed or rendered incapable of receiving police frequencies but should be returned to its rightful owner.